**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**SAMUEL YOUNG**                                                             **PLAINTIFF**

**v.**                                                 **No. 4:23CV222-DAS**

**MS PARCHMAN STATE PRISON
KAMERON WOODARD
MAJOR TYLER**                                                             **DEFENDANTS**

**MEMORANDUM OPINION**

On January 27, 2025, the court issued an order [8] for the plaintiff, within 21 days, to show cause why the instant case should not be dismissed with prejudice for failure to state a claim upon which relief could be granted. In his complaint [1], the plaintiff alleges that, on April 21, 2023, at the Mississippi State Penitentiary ("MSP"), the defendants failed to protect him from attack by inmate Kameron Woodard, who entered the unit through an unlocked door during movement of protective custody inmates from their housing unit to the dining hall.

**The Court's Show Cause Order**

In the show cause order, the court stated that it appears that the instant case should be dismissed because: (1) the MSP is not a valid defendant; (2) defendant Major Tyler had no personal involvement in the incident; (3) defendant inmate Kameron Woodard is not a state actor; and (4) the plaintiff has not alleged that any defendant could have predicted that inmate Woodard would attack him during the walk to the dining hall. The plaintiff acknowledged [10] receipt of the order and requested an extension of the deadline to respond on February 26, 2025. The court granted the extension, and the plaintiff has responded to the show cause order.

**The Plaintiff's Response**

In his response, the plaintiff seeks to add Warden McDonald and Watch Commander as

"indirect participant[s]," arguing that they deviated from Mississippi Department of Corrections ("MDOC") policy by leaving the door to the unit unlocked and "fail[ed] to uphold duty to provide security checks" during transport to the dining hall. Doc. 14, p. 1-2. The court will direct the Clerk of the Court to add these two defendants, though, as discussed below, his allegations do not state a claim against them. He argues that these two defendants "fail[ed] to supervis[e]" other staff regarding the unlocked door on the path to the dining hall. In addition, the plaintiff argues that Major Tyler should not be dismissed because "he was the officer on duty [the] morning of the assault" and left his post, which made the assault possible. *Id.* at 3.

For the reasons set forth in the court's show cause order, the plaintiff has not shown cause why the original claims and defendants in his complaint should not be dismissed. In addition, the plaintiff's allegations against the new defendants (Warden McDonald and Watch Commander) fail to state a valid claim under 42 U.S.C. § 1983. As such, the instant case will be dismissed with prejudice for failure to state a claim upon which relief could be granted.

### A Prison Is Not Amenable to Suit[1]

As an initial matter, defendant Mississippi State Penitentiary ("MSP") must be dismissed with prejudice because it is not a proper defendant in a case proceeding under 42 U.S.C. § 1983. An entity's capacity to be sued must be determined by reference to the law of the state in which the district court sits. Fed.R.Civ.P. 17(b). In Mississippi, "sheriff's departments are not political subdivisions within the meaning of the MTCA. Thus, the Sheriff's Department does not enjoy a separate legal existence, apart from [the county in which it is located]." *Brown v. Thompson,* 927 So.2d 733 (Miss. 2006). Similarly, Mississippi jails and prisons are not amenable to civil suit.

---

[1] In the interests of continuity and clarity, the court has drawn the discussion regarding the plaintiff's original claims almost verbatim from its show cause order.

*Campbell v. Thompson*, 2015 WL 5772535 (S.D. Miss.), *Simmons v. Harrison County Sheriffs Dept.*, 2015 WL 4742381 (S.D. Miss.)  For these reasons, the plaintiff's claims against the Mississippi State Penitentiary must be dismissed with prejudice.

### No Personal Involvement By Major Tyler

In addition, the plaintiff's allegations against defendant Major Tyler must be dismissed because the plaintiff has alleged no facts to show that Tyler was personally involved with the incident. For a plaintiff to state a valid claim under § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged."  *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)).  In addition, a § 1983 plaintiff cannot proceed against a prison official based solely on the official's participation in the prison grievance process.  *Dehghani v. Vogelgesang*, 226 Fed. Appx. 404, 406 (5th Cir. 2007).  In this case, the plaintiff does not allege that Major Tyler had any personal involvement or was causally connected to the incident in any way; indeed, in his complaint, the plaintiff mentions defendant Tyler only by listing him as a defendant in the court's form complaint.

In his response to the court's show cause order, Young adds only that Major Tyler "was the officer on duty th[e] morning of the assault" – that Tyler "left his post and that is when the assault happen[ed]." Doc. 14, p. 3.  However, these allegations sound only in negligence, which is insufficient to sustain a valid constitutional claim under § 1983.  *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).  Hence, the plaintiff's allegations against Major Tyler must be dismissed with prejudice for failure to state a claim upon which relief could be granted.

**No § 1983 Claim Against Inmate Woodard, a Private Actor**

Relief under 42 U.S.C. § 1983 is only available to preserve a plaintiff's federal constitutional or statutory rights against a defendant acting *under color of state law*. *See* 42 U.S.C. § 1983. Thus, a § 1983 plaintiff may only pursue his civil rights claims against someone who is a state actor. As defendant Kameron Woodard is an inmate – not an employee of the State – he does not qualify as a state actor under 42 U.S.C. § 1983. *See, Albright v. Longview Police Dep't*, 884 F.2d 835, 841 (5th Cir. 1989). Thus, the plaintiff's claims against inmate Kameron Woodard must also be dismissed for failure to state a claim upon which relief could be granted.

**Young's Failure to Protect Claim Holds No Merit**

The plaintiff alleges that the MDOC defendants failed to protect him from attack by inmate Woodard. "The Eighth Amendment affords prisoners protection against injury at the hands of other inmates." *Johnson v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986) (citations omitted). However, it appears that the plaintiff's claim must be dismissed because he has not alleged facts showing that the defendants could have predicted the attack by inmate Woodard.

Deliberate indifference "[is] the proper standard to apply in the context of convicted prisoners who claim[] … the failure to protect." *Grabowski v. Jackson County Public Defenders Office*, 47 F.3d 1386, 1396 (5th Cir. 1995). A prisoner plaintiff cannot show that a prison official showed deliberate indifference unless he can show that "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety;" indeed, the official must have been aware of facts giving rise to an inference that a substantial risk of serious harm existed – and he must have drawn that inference. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). An inmate pursuing a claim for failure to protect may prove his claim by showing that the defendants knew of a

specific threat to him but failed to take measures to protect him from it. *Id.* at 843.

In this case, the plaintiff does not allege that any individual defendant intentionally left the door unlocked – only that the door connecting housing for General Population inmates to the dining hall was unlocked – giving inmate Woodard access to the dining hall. This allegation does not establish that any defendant (including Warden McDonald and the Watch Commander) knew of the danger – or could have predicted that Woodard would enter the dining hall and attack the plaintiff during transport. As such, the plaintiff's allegations regarding failure to protect him from attack must be dismissed with prejudice for failure to state a valid claim under 42 U.S.C. § 1983.

### The Plaintiff Has Not Established a Claim for Supervisor Liability as to Defendants McDonald and the Watch Commander

A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government official violated the plaintiff's constitutional rights simply by virtue of the official's role as a supervisor. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a valid claim under § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). A § 1983 plaintiff cannot proceed against a prison official based solely on the official's participation in the prison grievance process. *Dehghani v. Vogelgesang*, 226 Fed.Appx. 404, 406 (5th Cir. 2007).

There are only two scenarios in which a supervisor may be held liable under § 1983: (1) when he affirmatively participates in the incident, and (2) when he implements an unconstitutional policy that results in constitutional injury. *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009). Indeed, a federal court cannot hold a supervisor liable for failure to

supervise his subordinates – even when he is present on the scene – because, after *Ashcroft v. Iqbal*, 556 U.S. 662, 662, 129 S. Ct. 1937, 1939, 173 L. Ed. 2d 868 (2009), "a government official can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011).

In this case, the plaintiff does not allege that defendants McDonald or the Watch Commander had any personal involvement or were causally connected to the incident in any way. Neither has he identified an unconstitutional policy leading to the injury alleged. As such, the plaintiff's claims against these defendants will be dismissed for failure to state a constitutional question.

## Conclusion

For the reasons set forth above, the instant case will be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 1st day of December, 2025.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE